NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

MAY 31 2022

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

DANESHEA MONTANOCORDOBA,

Plaintiff-Appellant,

v.

CONTRA COSTA COUNTY; ANN
SHIRAISHI, Detective,

Defendants-Appellees,

 and

T. JACKSON, Deputy; RICHMOND
POLICE DEPARTMENT,

Defendants.

No.    21-15711

D.C. No. 4:18-cv-05682-PJH

MEMORANDUM*

Appeal from the United States District Court
for the Northern District of California
Phyllis J. Hamilton, District Judge, Presiding

Argued and Submitted May 9, 2022
San Francisco, California

Before:  W. FLETCHER and BUMATAY, Circuit Judges, and SILVER,** District
Judge.

---

        *      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

        **      The Honorable Roslyn O. Silver, United States District Judge for the
District of Arizona, sitting by designation.

Daneshea Montanocordoba appeals from the district court's order granting summary judgment in favor of Defendants-Appellees Ann Shiraishi, a detective with the Richmond Police department, and Contra Costa County. We have jurisdiction under 28 U.S.C. § 1291. Reviewing the grant of summary judgment de novo, we affirm. *Bias v. Moynihan*, 508 F.3d 1212, 1218 (9th Cir. 2007).

Shiraishi arrested Montanocordoba for assault with a deadly weapon. Shiraishi recorded the arrest time as 5:01 p.m. but Montanocordoba contends she was arrested prior to 5:00 p.m. Because Montanocordoba was going to be held in jail, she attempted to make arrangements with a friend to take custody of her son. Shiraishi allegedly dissuaded that friend from taking custody. Shiraishi then, allegedly without informing Montanocordoba, contacted Child and Family Services who placed Montanocordoba's son with a relative. Finally, Shiraishi allegedly failed to tell the Child and Family Services representative that Montanocordoba had attempted to have a friend take custody of her son.

Based on the allegedly erroneous arrest time recorded by Shiraishi, Montanocordoba claims she was held in jail one day longer than she otherwise would have been held. While still detained, Montanocordoba attended a juvenile dependency hearing where the court awarded temporary custody of her son to Montanocordoba's relative.

Montanocordoba claims Shiraishi's actions violated Montanocordoba's

2

constitutional right to familial association with her son. *See Wallis v. Spencer*, 202 F.3d 1126, 1136 (9th Cir. 2000). Montanocordoba also claims Contra Costa County has policies that violated her right to familial association.

"The Fourteenth Amendment guarantee of due process has a substantive component that includes a parent's right to make decisions regarding the care, custody and control of their children." *California Parents for the Equalization of Educ. Materials v. Torlakson*, 973 F.3d 1010, 1020 (9th Cir. 2020) (quotation marks and citation omitted). "[C]onduct that 'shocks the conscience' in depriving parents of that [right] is cognizable as a violation of due process." *Wilkinson v. Torres*, 610 F.3d 546, 554 (9th Cir. 2010) (citation omitted).

Viewing the evidence in the light most favorable to Montanocordoba, she has not established a genuine issue of material fact that the alleged actions by Shiraishi constituted sufficient interference with her parent-child relationship to shock the conscience. It is undisputed that Montanocordoba could not retain custody of her son while she was detained. Shiraishi's communications with Montanocordoba's friend and her subsequent communications with Child and Family Services did not shock the conscience. Nor did it shock the conscience for Shiraishi not to inform Montanocordoba that Child and Family Services had been contacted. Finally, it did not shock the conscience for Shiraishi to record an inaccurate arrest time.

Even if Shiraishi's actions violated Montanocordoba's right to familial

3

association, Montanocordoba has not carried her burden of establishing that right was "clearly established" considering the factual circumstances here. *See Gordon v. Cnty. of Orange*, 6 F.4th 961, 969 (9th Cir. 2021) (citation omitted). That is, Montanocordoba has not identified the "existing precedent" that placed "the lawfulness of the particular [actions] beyond debate." *Id.* (citation omitted). Therefore, the claims against Shiraishi were barred by qualified immunity. The district properly granted summary judgment in Shiraishi's favor.

Summary judgment was also proper on Montanocordoba's municipal liability theories against Contra Costa County. Montanocordoba alleged the County had a policy of detaining arrestees for the maximum period allowed by state law and the County lacked a policy requiring the District Attorney's Office charging declination decisions be communicated immediately to jail officials to facilitate detainees' release. But municipal liability claims "may not be predicated on isolated or sporadic incidents; [they] must be founded upon practices of sufficient duration, frequency and consistency that the conduct has become a traditional method of carrying out policy." *Trevino v. Gates*, 99 F.3d 911, 918 (9th Cir. 1996). Here, Montanocordoba did not proffer evidence sufficient to establish a triable factual issue as to whether the County has a policy or practice of detaining arrestees for the maximum period. Nor did Montanocordoba proffer evidence of other instances where charging declination decisions were not immediately conveyed to jail

officials. Montanocordoba's own experiences are not sufficient to establish municipal liability in this case. *See Gordon*, 6 F.4th at 974 ("Generally, a single incident of unconstitutional activity is not sufficient to impose liability under *Monell*.") (quotation marks and citation omitted).

**AFFIRMED**.